UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HEATHER L. MANNS,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JAIL STAFF, et al.,<br><br>　　　　Defendants. | CAUSE NO. 3:24-CV-919-TLS-AZ |

**OPINION AND ORDER**

　　　　Heather L. Manns, a prisoner without a lawyer, filed a confusing complaint that was not on the Court's approved form. ECF No. 1. It is confusing because it is not clear what relief she is seeking. At first, she references habeas corpus and 28 U.S.C. § 2241, which are provisions for when a prisoner seeks a release from custody. *See Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). But then she also complains about the conditions of her pretrial confinement in the Marshall County Jail, including an alleged use of force, an alleged false police report against her, and several issues about the medical care she is receiving. These matters fall under 42 U.S.C. § 1983, which, as relevant here, is used when a plaintiff seeks damages for constitutional violations while in state custody. *See Preiser*, 411 U.S. at 494 ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); *Glaus v. Anderson*, 408 F.3d 382, 386 (7th Cir. 2005) ("If a prisoner is not

challenging the fact of his confinement, but instead the conditions under which he is being held, we have held that she must use a § 1983 . . . theory.").

Therefore, Manns must file an amended complaint on the Court's approved form. *See* N.D. Ind. L.R. 7-6 ("The court may require parties representing themselves to use clerk-supplied forms."). She needs to decide whether she is alleging that there is a reason that she should not be in custody at all.[1] Or whether she is suing about something that happened to her while she was in custody and she wants to receive money to compensate her for any injury. The Court will send her a form for a petition under 28 U.S.C. § 2241 if she wants to challenge her detention *and* a form for a complaint under 42 U.S.C. § 1983 if she wants to request money damages for something that happened to her while she was detained.[2] She needs to place this case number (No. 3:24-cv-919-TLS-AZ) on <u>one</u> of the forms, fill it out according to the instructions on the form, and send it back to the Court.

In addition, Manns asked the Court to grant her leave to proceed in forma pauperis [ECF No. 2], but she did not include a copy of her inmate trust fund ledger detailing her transactions for the past six months. Without her ledger, the Court cannot rule on the request.

For these reasons, the Court hereby:

(1) STRIKES the Complaint [ECF No. 1];

---

[1] Manns is advised that this Court cannot order her release from pretrial detention based on a contention that she is innocent of the underlying criminal charges. Absent "exceptional circumstances," federal courts will not interfere with ongoing state court proceedings. *See Younger v. Harris*, 401 U.S. 37, 53-54 (1971). Her innocence must be litigated in her state criminal case first.

[2] Manns is in custody awaiting trial on two criminal cases. *See State v. Manns*, No. 50D03-2409-F6-000239 (Marshall Super. Ct. filed Sept. 27, 2024); *State v. Manns*, No. 50D03-2409-F6-000228 (Marshall Super. Ct. filed Sept. 18, 2024). Therefore, the Court will send her the form applicable to pretrial custody challenges.

3

(2) DIRECTS the Clerk of Court to send Heather L. Manns a blank **AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241** form and a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form;

(3) GRANTS Heather L. Manns until **January 10, 2025**, to return <u>one</u> of the forms as detailed in this Order;

(4) GRANTS Heather L. Manns until **January 10, 2025**, to submit a copy of her ledgers; and

(5) CAUTIONS Heather L. Manns if she does not respond by the deadline, this case will be dismissed without further notice.

SO ORDERED on December 9, 2024.

 s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT

3